RECEIVED
JAN 1 8 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| PPG INDUSTRIES, INC., (a Pennsylvania Corporation), and PPG INDUSTRIES OHIO, INC. (a Delaware Corporation),<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH BENNETT (an Individual), BENNETT'S PAINT & BODY SHOP (a Sole Proprietorship), SCOTT BOURQUE (an Individual), BIG SKY DISTRIBUTORS, L.L.C. (a Louisiana Limited Liability Company), Dale J. Messina, Jr. (an Individual), and JOHN DOES 1-XX<br><br>Defendant. | CIVIL ACTION NO. CV 05-1648<br><br>MAGISTRATE JUDGE HILL |

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS JOSEPH BENNETT, BENNETT'S PAINT & BODY SHOP AND SCOTTY BOURQUE

This matter came before the Court on Plaintiffs' motion for preliminary injunction against defendants Joseph Bennett, Bennett's Paint & Body Shop and Scotty Bourque (hereinafter the "Bennett Defendants"). Having reviewed the Amended Verified Complaint, the Memoranda submitted by Plaintiffs in connection with Plaintiffs' Motion for Expedited Discovery and Plaintiffs' Motion for Temporary Restraining Order and

Preliminary Injunction, and the Pre-hearing Memoranda of Defendants Bennett and Bourque, the Court makes the following findings:

1. PPG is one of the world's leading manufacturers and suppliers of automotive refinish products used in professional car painting. Since at least as early as 1977, Plaintiff PPG Industries, Inc. has manufactured, distributed, and sold in the United States a line of automotive refinish products in connection with the PPG and DELTRON trademarks.

2. PPG Industries, Inc. and PPG Industries Ohio, Inc. (collectively "PPG") have continuously used the PPG and DELTRON marks in connection with the production, distribution, sale and promotion of automotive refinish products in the United States. PPG applies the PPG and DELTRON marks directly to the labels of product cans, as a means of identifying the source of PPG's goods and distinguishing them from the goods of others.

3. The PPG and DELTRON trademarks are extremely valuable assets of PPG. PPG extensively promotes, markets, and advertises automotive refinish products under its PPG and DELTRON marks in the United States. PPG has spent millions of dollars each year in these promotional efforts. Over the years, PPG has enjoyed considerable success in the sale of automotive refinish products under the PPG and DELTRON marks, earning millions of dollars annually from the sale of these goods.

4. PPG owns valid and subsisting U.S. trademark registrations for these marks, namely, United States Trademark Registration No. 836,998 for the mark PPG, and United States Trademark Registration No. 1,126,126 for the mark DELTRON.

5. As a result of PPG's extensive promotional efforts, substantial sales, and reputation for quality, the trade and purchasing public throughout the United States recognize and rely upon the PPG and DELTRON marks to symbolize the tremendous goodwill and excellent business reputation enjoyed by PPG and its products.

6. On June 23, 2005, Lee Doucet and Dale Hazelwood, employees of PPG's distributor Acadiana Paint & Supply of New Iberia, Louisiana ("Acadiana"), arrived at Bennett's Paint and Body Shop first thing in the morning to remove a PPG mixing system from Bennett Paint & Body Shop. Doucet and Hazelwood removed the PPG mixing system and several cans of paint, some unlabeled and bearing PPG "DMD" numbers on them and others bearing authentic PPG DELTRON labels affixed with green masking tape, and took them back to Acadiana's New Iberia store.

7. Upon arrival at Acadiana's New Iberia store, Doucet, Hazelwood and Luke Meche, another Acadiana employee, removed one of the PPG labels from a can taken from Bennett's Paint & Body Shop and discovered a Matrix label underneath. Meche brought his digital camera to Acadiana and photographed eight of the cans taken from BPBS with the PPG labels removed to show Matrix labels under the PPG labels. These included a Matrix MT84 can covered with a PPG DMD1684 label, a Matrix MT87 can covered with a PPG DMD1687 label, a Matrix MT22 can covered with a PPG DMD622 label, a Matrix MX85 can covered with a PPG DX995 label, a Matrix MT98 can covered with a PPG DMD1698 label, a Matrix MT80 can covered with a PPG DMD1680 label and a Matrix MT83 can covered with a PPGDMD1683 label. In addition, Meche made a video recording of another Acadiana employee removing the labels from three of the cans taken from BPBS. The first was a Transtar Industries #7689 covered with a PPG

DBX1689 label and the others were Matrix MT83 cans covered with PPG DMD1683 labels.

8. Plaintiffs have a strong likelihood of proving at trial that the Bennett Defendants' use of the automotive refinishing products described above constitutes trademark counterfeiting under 15 U.S.C. §§ 1114(a) and 1116(d) and, further, that the Bennett Defendants' use of non-PPG products in cans bearing labels displaying PPG's PPG and DELTRON marks is likely to cause confusion, mistake or to deceive, in violation of 15 U.S.C. §§ 1114(a) and 1125(a)(1) and under the Louisiana Unfair Trade Practices and Consumer Protection Law, Chapter 13, R.S. 15:1401, et. seq.

9. Plaintiffs are likely to suffer immediate and irreparable harm if a preliminary injunction is not granted.

10. The balance of potential harm to the Bennett Defendants is outweighed by the potential harms to Plaintiffs if the preliminary injunction is not issued.

11. The public interest favors issuance of the requested preliminary injunction.

## ORDER

Plaintiffs' motion for a preliminary injunction is hereby granted as follows:

1. The Bennett Defendants and their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them, are hereby enjoined from knowingly using, selling, distributing, advertising, promoting or otherwise dealing in automotive refinishing products falsely bearing the PPG and DELTRON marks, or any confusingly similar marks, in connection with automotive refinish products, or any other products; and

2. The Bennett Defendants and their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them, are ordered to deliver to Plaintiffs' counsel, all goods in their possession falsely bearing the PPG and/or DELTRON marks, pursuant to 15 U.S.C. § 1118 and other applicable laws.

**IT IS SO ORDERED**

**Dated: January 18, 2006**

**Lafayette, Louisiana**

*C. Michael Hill*

**United States Magistrate Judge**

5